UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| M.T, E.S., and L.P. | CASE NO. 13cv1892 JM (MDD) |
|---|---|
| Plaintiffs, | ORDER GRANTING L.L.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION |
| vs. | |
| METROPOLITAN INTERPRETERS AND TRANSLATORS, INC., J.C., L.L., R.P., C.G., UNITED STATES OF AMERICA, SONDRA HESTER, DAREK KITLINSKI, and WILLIAM R. SHERMAN, | |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 12(b)(2), Defendant L.L. moves to dismiss the complaint for lack of personal jurisdiction (the "Motion"). Plaintiffs M.T., E.S., and L.P. oppose the motion. Defendants the United States of America, Eileen Zeidler, Sondra Hester, Darek Kitlinski, and William R. Sherman (collectively the "Federal Defendants") and Defendants Metropolitan Interpreters and Translators Inc. ("Metropolitan"), J.C., R.P. and C.G. did not file a response to the Motion. Pursuant to Local Rule 7.1(d)(1), the court finds this matter appropriate for decision without oral argument. For the reasons set forth below, the court grants the motion to dismiss for lack of personal jurisdiction.

**BACKGROUND**

The Complaint, filed on August 13, 2013, alleges eight causes of action against

Defendants: (1) Violation of Employee Polygraph Protection Act, 29 U.S.C. §2002(1); (2) Violation of Employee Polygraph Protection Act, 29 U.S.C. §2002(2); (3) Violation of Employee Polygraph Protection Act, 29 U.S.C. §2002(3); (4) fraud; (5) negligent misrepresentation; (6) intentional infliction of emotional distress; (7) negligence; and (8) permanent injunction. Plaintiffs are linguists employed by defendant Metropolitan, a nationwide corporation that "had a contract with the Drug Enforcement Administration ("DEA") and Immigration and Customs Enforcement ("ICE") in Imperial County. As employees of Metropolitan, Plaintiffs provided translation services to the DEA and ICE. Defendants L.L., R.P., and C.G. are employees of Metropolitan. (Compl. ¶8-10).

Plaintiffs provide the following summary of their claims:

> Plaintiffs worked as linguists for Metropolitan Interpreters and Translators, Inc. ("Metropolitan"), a private corporation that contracted with various governmental agencies nationwide. Metropolitan had a contract with the Drug Enforcement Administration and Immigration and Customs Enforcement in San Diego. Plaintiffs, as employees of Metropolitan, provided translation services for DEA and ICE in San Diego County. In 2011, Metropolitan and DEA requested, required and demanded that all linguists working in their San Diego and Imperial County offices take polygraph exams. Defendant C.G., the Metropolitan site supervisor in Imperial County, made all arrangements for Plaintiffs take the DEA administered polygraph exams as a condition of employment. If the employees "failed" or refused the test, or had inconclusive results, they would lose their "clearance" to be in the DEA offices, meaning that they would be terminated from their jobs.
>
> Metropolitan was not conducting an investigation involving economic loss to Metropolitan. Nor did Metropolitan have any individualized suspicion that any of the Plaintiffs had committed a crime or engaged in wrongdoing. Rather, Defendants imposed the blanket requirement that every linguist in San Diego and Imperial Counties take polygraphs. Defendants provided no written material to Plaintiffs which explained the purpose of these mandatory tests nor the basis for any investigation or suspicion; nor did Defendants give written notice of the employees' rights under federal and state law.
>
> DEA agents treated Plaintiffs and other Metropolitan employees like criminals after they "failed" the polygraphs. They pressured Plaintiffs into "telling the truth" or accused Plaintiffs of lying. Agents escorted Plaintiffs out of the building in a humiliating fashion after they "failed" the polygraph.
>
> The polygraph testing in this case was prohibited by the Employee Polygraph Protection Act of 1988. 29 U.S.C. §§ 2001, et seq. ("EPPA"). Defendants effectively terminated Plaintiffs from their employment either

for "failing" the polygraph test, having an inconclusive test result, or refusing to submit to the examination.

(Compl. at pp.1:4 - 2:6).

Defendant L.L. is an alleged employee of Metropolitan and Head of Human Resources and Security. (Compl. ¶8). L.L. is a citizen and resident of the State of New York who has never maintained an office, business, or mailing address in the State of California. (L.L. Decl. ¶6). In 2003, L.L. traveled to California as a Human Resources Assistant related to the recruitment and hiring of personnel in California. Id. ¶17. L.L. did maintain numerous communications with Metropolitan's employees in California. L.L. also declares that she had no involvement in the DEA's decision to administer the polygraphs, in the actual administration of the polygraphs, and in the DEA's use of the results of those polygraph tests. Id. ¶18.

L.L. moves to dismiss the complaint for lack of personal jurisdiction based upon her role in the polygraphs. In large part, Plaintiffs' opposition to L.L.'s motion consists of email or letter correspondence either received, sent, or copied to her in her capacity as Human Resources Manager at Metropolitan. (Plaintiffs' Exhs. 1 - 68, 70).

## DISCUSSION

The issue raised by L.L. is whether her contacts with California in her capacity as an employee of a foreign corporation are sufficient to establish personal jurisdiction such that it comports with "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

**Personal Jurisdiction**

Pursuant to Rule 12(b)(2), a court may dismiss a suit for "lack of jurisdiction over the person." Fed.R.Civ.P. 12(b)(2). The court may "exercise personal jurisdiction over a non-resident if jurisdiction is proper under California's long-arm statute and if that exercise accords with federal constitutional due process principles." Fireman's Fund Ins. Co. v. National Bank of Cooperatives, 103 F.3d 888, 893 (9th Cir. 1996). As the Ninth Circuit has explained:

> California's long-arm statute authorizes the court to exercise personal jurisdiction over a non-resident defendant on any basis not inconsistent with the California or federal Constitution. Cal.Code Civ. Proc. § 410.10. The statutory and constitutional requirements therefore merge into a single due process test.

Id. at 893. "Due process requires only that . . . [the defendant] have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe, 326 U.S. at 316. Where the court does not conduct an evidentiary hearing, a plaintiff need only establish a prima facie case of personal jurisdiction. Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990).

On a motion to dismiss for lack of personal jurisdiction, the party seeking to invoke the court's jurisdiction bears the burden of establishing contacts by the non-resident defendant sufficient to establish personal jurisdiction. WNS, Inc. v. Farrow, 884 F.2d 200, 203 (9th Cir. 1989).

> [O]n a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a *prima facie* case for personal jurisdiction exists.

Id. If the matter proceeds to trial, plaintiff must prove the jurisdictional facts by a preponderance of the evidence. Id.

There are two types of personal jurisdiction: general and specific. "General personal jurisdiction, which enables a court to hear cases unrelated to the defendant's forum activities, exists if the defendant has 'substantial' or 'continuous and systematic' contacts with the forum state." Fields v. Sedgwick Associated Risks, Ltd., 796 F.2d 299 (9th Cir.1986). Specific jurisdiction allows the court to exercise jurisdiction over a defendant whose forum-related acts gave rise to the action before the court. Id.

The Ninth Circuit applies a three-part test to determine whether specific personal jurisdiction comports with due process: "(1) the defendant must have done some act purposely to avail himself of the privilege of conducting activities in the forum; (2) the claim must arise out of the defendant's forum-related activities; and (3) the exercise

of jurisdiction must be reasonable." Sedgwick, 796 F.2d at 302; Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977).   Where the defendant presents "a compelling case that jurisdiction would be unreasonable," there is no need to address the first two prongs of the test. Id. at 302.  On the other hand, "[o]nce purposeful availment has been established, the forum's exercise of jurisdiction is presumptively reasonable.  To rebut that presumption, a defendant must present a compelling case that the exercise of jurisdiction would, in fact, be unreasonable." Roth v. Garcia Marquez, 942 F.2d 617, 621-22 (9th Cir.1991).   The purposeful availment prong prevents defendants from being haled into a jurisdiction through "random," "fortuitous," or "attenuated" contacts. Terracom v. Valley Nat. Bank, 49 F.3d 555, 560 (9th Cir. 1995).  If the plaintiff satisfies both of the first two prongs, the burden shifts to the defendant to establish that the exercise of jurisdiction would not be reasonable. Burger King Corp. v. Rudzewicz, 471 U.S. 475, 476-78 (1985).

The court considers the following factors to determine the reasonableness of the district court's exercise of personal jurisdiction:

(1) the extent of defendant's purposeful interjection into the forum state's affairs;

(2) the burden on defendant of defending in the forum;

(3) the extent of conflict with the sovereign of the defendant's state;

(4) the forum state's interest in adjudicating the dispute;

(5) the most efficient judicial resolution of the controversy;

(6) the importance of the forum to plaintiff's interest in convenient and effective relief; and

(7) the existence of an alternative forum.

See Terracom, 49 F.3d at 561.  The court balances all factors, recognizing that none of the factors is dispositive in itself.  Id.

**Personal Jurisdiction Over Corporate Agents**

It is well established that jurisdiction over a corporation like Metropolitan in the forum does not automatically confer jurisdiction over that corporation's employees. If,

for example, a company in State A markets a defective product in State B and the product ends up injuring a resident in State B , that is usually enough to confer personal jurisdiction over the company in State B in any ensuing product liability suit. But under the no-imputed-contacts rule, State B's jurisdiction over the company does not necessarily give State B jurisdiction over the State A company's employees. Employees' "contacts with [the forum state] are not to be judged according to their employer's activities there." Calder v. Jones, 465 U.S. at 790.

In Calder, a California plaintiff brought a libel suit in California against two National Enquirer employees residing in Florida. The defendants attempted to defeat personal jurisdiction by arguing that they were not responsible for circulating the offending article in California: "ordinary employees [cannot] control their employer's marketing activity." Id. at 789. The Supreme Court rejected this argument:

> [Defendants'] intentional, and allegedly tortious, actions were expressly aimed at California. [One defendant] wrote and [the other] edited an article that they knew would have a potentially devastating impact upon [the plaintiff]. And they knew that the brunt of that injury would be felt by respondent in the State in which she lives and works....

While L.L.'s contacts with California are not judged according to Metropolitan's activities in California, L.L.'s conduct must have caused effects in the state.

L.L. argues that personal jurisdiction over corporate officers "have typically involved instances where the defendant was the 'guiding spirit' behind the wrongful conduct ... or the 'central figure' in the challenged corporate activity." Indiana Plumbing Supply, Inc. v. Standard of Lynn, Inc., 880 F.Supp.743 (C.D. Cal. 1995) (quoting Davis v. Metro Productions, Inc., 885 F.2d 515, 524 (9th Cir. 1989). The court notes that corporate officers and directors, acting in their official capacities, may not have those contacts "attributed to them as individual acts creating personal jurisdiction." Mihlon v. Superior Ct., 169 Cal.App.3d 703, 713 (1985). However, applying the minimum contacts test, where corporate officers or employees engage in wrongful conduct directed to a foreign forum and causing harm in that forum, their

employment status does not insulate them from personal jurisdiction.[1]

**The Motion**

As Plaintiffs assert specific, but not general, jurisdiction over L.L., each element is discussed in turn.

<u>Purposeful Availment</u>

The Ninth Circuit has refined this prong to mean that the defendant has either (1) "purposefully availed" itself of the privilege of conducting activities in the forum, or (2) "purposefully directed" its activities toward the forum. <u>Schwarzenegger v. Fred Martin Motor Co.</u>, 374 F.3d 797, 802 (9th Cir. 2004). While the phrase "purposeful availment" is sometimes used so as to include both purposeful availment and purposeful direction, "availment and direction are, in fact, two distinct concepts." <u>Id.</u> Courts typically employ the "purposeful availment" prong in contract cases, and the "purposeful direction" analysis in tort cases. <u>Yahoo! Inc. v. La Lingue Contre Le Racisme et L'Antisemitisme</u>, 433 F.3d 1199, 1206 (9th Cir. 2006). Therefore, as this case sounds primarily in tort, Plaintiffs must establish that L.L. purposefully directed her activities towards California.

Here, there is no serious dispute that L.L. purposefully directed her activities toward California. L.L. composed, directed, and forwarded numerous communications to Metropolitan's employees and the DEA in California. (Plaintiffs' Exhs. 1-70; Compl. ¶¶46, 56, 57, 60, 75, 77, 82, 100, 101, 113, 137, 151).

In sum, this factor weighs in favor of personal jurisdiction over L.L.

<u>The Relatedness of the Claim and Contact</u>

The second prong to establish specific personal jurisdiction analyzes whether

---

[1] The court declines to mechanistically apply the so-called fiduciary shield law. Rather, the court engages in the mandated minimum contacts analysis. One problem with the fiduciary shield law is that the Ninth Circuit has rejected the argument that, for purposes of personal jurisdiction, "'employees who act in their official capacity are somehow shielded from suit in their individual capacity.'" <u>Davis v. Metro Prods., Inc.</u>, 885 F.2d 515, 521 (9th Cir.1989). While employees are not automatically shielded from suit, personal jurisdiction still must be analyzed based on the contacts the individual has had with the forum state. <u>See</u> generally <u>Burger King</u>, 471 U.S. at 479.

the claim arises from the defendant's forum-related activities. <u>Sedgwick</u>, 796 F.2d at 302. As a starting point, the court notes that the DEA determined that polygraphs were required for Metropolitan's employees and that the failure to "pass" the polygraph would result in the loss of their "'clearance' to be in the DEA offices, meaning that they would be terminated from their jobs." (Compl. at p.1:16-17). Here, Plaintiffs cite numerous email and letters to show L.L.'s involvement in the polygraphs. For example, L.L. drafted and sent emails to employees concerning polygraph examinations, recommended a video for employers to obtain information concerning the polygraphs, communicated regarding scheduling the polygraphs, reviewed a letter drafted by J.C. that stated that EPPA did not apply to the employees, questioned certain statements made by J.C. in the letter, communicated with the DEA concerning the polygraphs, communicated with R.P. regarding the reasons for the polygraph failures and consequences, and, among other things, reviewed a letter drafted by J.C. wherein it stated that ICE would revoke clearances for employees who failed the DEA administered polygraph. (Plaintiffs' Exhs. 13, 15, 19, 32, 34, 42, 43, 57, 58, 67, 68).

  The court concludes that the complaint's allegations and the exhibits submitted by Plaintiffs fail to establish that their claims arise from L.L.'s forum-related conduct. The complaint and evidentiary record demonstrate that L.L. served as a conduit of information from L.L.'s superiors and the DEA, and that L.L. was not a substantial primary wrongdoer in the allegedly illegal polygraphs. Plaintiffs' claims arise from the request of the DEA, supported by Metropolitan, to conduct polygraphs of Metropolitan's employees who provided services to the DEA in California. The allegations and evidentiary record submitted by Plaintiffs fail to establish that L.L. was either the "guiding spirit" or "central figure" in carrying out the polygraphs. <u>See</u> <u>Ind. Plum'g Supply, Inc.</u>, 880 F.Supp. at 750. The court further notes that Plaintiffs fail to establish, or proffer, that their claims arise from the conduct of L.L., as opposed to that of other named Defendants. Under these circumstances, the court cannot conclude that Plaintiffs' claims arise from L.L.'s attenuated forum-related activities. <u>See</u> <u>Burger</u>

1  King, 471 U.S. 462 at 475 (defendant "will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts").

In sum, the court concludes that Plaintiffs' claims do not arise out of L.L.'s attenuated contacts with California.

Reasonableness of the Exercise of Personal Jurisdiction

The touchstone for the exercise of personal jurisdiction over an out-of-state defendant is that it must be reasonable "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe, 326 U.S. at 316.  Here, to hale a corporate employee into a foreign jurisdiction where the employee did not take on a leadership or primary role in the alleged wrongful conduct would offend traditional notions of fair play and substantial justice.  This is particularly true where the employee's role functioned as a conduit for information consisting of drafting, reviewing, or revising email or letter communications.  L.L. did not take a leadership role in conducting the polygraph examinations.  Personal jurisdiction recognizes and protects an individual's liberty interests and "protects the defendant against the burdens of litigating in a distant or inconvenient forum." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980).

In sum, the court grants L.L.'s motion to dismiss for lack of personal jurisdiction.

**IT IS SO ORDERED.**

DATED: January 21, 2014

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:     All parties