# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.G., et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>METROPOLITAN INTERPRETERS AND TRANSLATORS, INC., and J.C.,<br><br>    Defendants. | CASE NO. 12cv0460 JM(MDD)<br>                13cv1891 JM(MDD)<br>                13cv1892 JM(MDD)<br><br>ORDER DENYING MOTION FOR CERTIFICATION OF ORDER FOR INTERLOCUTORY APPEAL |

Defendants Metropolitan Interpreters and Translators, Inc. ("Metropolitan") and J.C. move for Certification of Order for Interlocutory Appeal Pursuant to 28 U.S.C. §1292(b) and to Stay the Action ("Motion"). Plaintiffs in all three actions, M.G, F.M., L.A., J.M., L.G., F.B., M.N., R.G., L.S., E.R., M.D., M.T., E.S., oppose the Motion. Pursuant to Local Rule 7.1(d)(1), the court finds this matter appropriate for decision without oral argument. For the reasons set forth below, the court denies the Motion.

## BACKGROUND

The court incorporates its October 24, 2014, Order Granting in Part and Denying in Part Motions for Summary Judgment ("Summary Judgment Order").

## DISCUSSION

In order to certify an order for interlocutory appeal pursuant to 28 U.S.C. §1292(b), the court must find that an interlocutory order: (1) involves a controlling

question of law; (2) there is substantial ground for difference of opinion on that question; and (3) a resolution of the legal issue will materially advance the ultimate termination of the litigation. 28 U.S.C. §1292(b). "A question of law may be deemed `controlling' if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." Sokaogon Gaming Enter. v. Tushie-Montgomery Assoc., 86 F.3d 656, 659 (7th Cir. 1996) (citations omitted); Reese v. BP Exploration (Alaska) Inc., 643 F.3d 681, 688 (9th Cir. 2011). An issue of law may also be considered "controlling" if reversal of an order would terminate the action. Genetech, Inc. v. Novo Nordisk A/S, 907 F.Supp. 97, 99 (S.D.N.Y. 1995).

Defendants identify the controlling issue as "whether, as a matter of law, an employer may be liable under [the Employee Polygraph Protection Act ("EPPA"), 29 U.S.C. §§2002(1), (2), and (3)] when a federal law enforcement agency with which it contracts requires that the employer's employees submit to polygraph examinations pursuant to a criminal investigation." (Motion at p.1:16-19). If such an issue as framed had an adequate basis in law, and was raised and resolved in Defendants' favor, the court concludes that a favorable resolution would likely absolve Defendants of liability under the EPPA. The first factor is satisfied.

The second factor requires a showing that there is a "substantial ground for difference of opinion." 28 U.S.C. § 1292(b). Defendants fail to satisfy this factor. As noted in Couch v. Telescope, Inc., 611 F.3d 629, 633 (9th Cir. 2010):

> Courts traditionally will find that a substantial ground for difference of opinion exists where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." 3 Federal Procedure, Lawyers Edition § 3:212 (2010) (footnotes omitted). However, "just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." Id. (footnotes omitted).

While Defendants acknowledge that no court has ruled on the issue raised, conflicting authorities are not a prerequisite for granting a §1292(b) motion.

> Our interlocutory appellate jurisdiction does not turn on a prior court's having reached a conclusion adverse to that from which appellants seek relief. A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed. Stated another way, when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent.

Reese, 643 F.3d at 688.

Defendants contend that two Department of Labor ("DOL") regulations support their view that the EPPA does not apply to them. The first regulation, 29 C.F.R. §801.4(b), provides that "Employers who cooperate with police authorities during the course of their investigations into criminal misconduct are . . . not deemed engaged in prohibitive conduct [under the EPPA] provided that such cooperation is passive in nature." The second regulation generally provides that the government may be exempt from EPPA as to its own employees but the exemption does not extend to the polygraph examination of a contractor's employees.[1] 29 C.F.R. §801.10(d). The court concludes that these regulations are not helpful to Defendants under the facts of this case. Under EPPA, it is unlawful "for any employer engaged in or affecting commerce or in the production of goods for commerce–

> (1) directly or indirectly, to require, request, suggest, or cause any employee or prospective employee to take or submit to any lie detector test;
>
> (2) to use, accept, refer to, or inquire concerning the results of any lie detector test of any employee or prospective employee;
>
> (3) to discharge, discipline, discriminate against in any manner, or deny employment or promotion to, or threaten to take any such action against--
>
>> (A) any employee or prospective employee who refuses, declines, or fails to take or submit to any lie detector test, or
>>
>> (B) any employee or prospective employee on the basis of the results of any lie detector test;"

---

[1] For the reasons set forth in this court's March 20, 2013 order denying the United State's motion to dismiss, the government is not exempt from EPPA liability pursuant to 29 U.S.C. §2006. (Ct. Dkt. 60).

An employer is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee or prospective employee." 29 U.S.C. § 2001(2).

Here, because the undisputed evidentiary record demonstrates Defendants' direct and indirect involvement in the polygraph examinations (in contravention of the EPPA), 29 C.F.R. §801.4(b) does not apply under the circumstances. As set forth in this court's October 24, 2014 Order, Defendants exercised substantial control over the nature, structure, implementation, and ultimate use of the polygraph examinations. Not only did Defendants organize, schedule, and coordinate the polygraph examinations but they provided employees with information concerning the nature of the polygraph examinations, used the polygraph examination results to screen new applicants, reported the results to Immigration and Customs Enforcement, discouraged and prohibited employees from contacting the DEA concerning the examinations, and provided erroneous information and misstatements of law and fact to Metropolitan's employees concerning the polygraph examinations. Furthermore, Defendants failed to consult with any lawyer or non-lawyer about the legality of the polygraphs nor did they convey Plaintiffs' concerns to the DEA about the legality of polygraph examinations. As noted by DEA Assistant Special Agent Torres, had Defendants informed him about the concerns of Metropolitan's employees, he would have consulted with DEA's Chief Counsel to obtain additional information about the legality of the polygraph examinations. (Ct. Dkt. 123-1 at pp. 27-43).

The court also highlights that Defendants failed to articulate any particularized suspicion of criminal activities by any Metropolitan employee.[2] Without such particularized suspicion, submitting every employee (and prospective employees) to a mandatory polygraph examination and terminating the employee if he or she declines to take the polygraph examination or "fails" the examination is unlike any of the authorities cited by Defendants. For example, in <u>Menen v. Easter Stores</u>, 951 F.Supp.

---

[2] The court notes that only one employee, Javone Huerta, was suspected of any possibility of criminal wrongdoing based upon a relative being a target of another agency's investigation.

838 (N.D. Iowa 1997), the employer believed that either Plaintiff or another employee were responsible for thefts from a cash register as they were the only two individuals who operated the cash register. There was also testimony that three "suspicious" individuals were observed in the store at about the time of the theft. The police were contacted and believed the theft was an "inside job." The police requested and received permission from both the employer and plaintiff to take a polygraph examination. The employer did "not request, suggest, or cause [plaintiff] to submit to the polygraph test." The plaintiff employee voluntarily agreed to take the polygraph examination. The employer merely gave its consent to polygraph its employee. Under these circumstances, the court concluded, after a bench trial, that the employer merely passively cooperated with the police and did not actively participate in the polygraph examination and, therefore, concluded that there was no basis for liability under §2002(1), requiring the polygraph examination, although the employer was liable under §§2002(2) and (3), using the polygraph examination results and disciplining the employee. Unlike Menen, for the reasons set forth above and in the Order, Defendants actively participated in requiring the polygraph examinations (nor is there any genuine issue of material fact that Defendants used the polygraph examination results and disciplined Metropolitan's employees).

      In light of the evidentiary record and the absence of legal authorities supporting Defendants' contentions, Defendants fail to establish that there is a substantial ground for difference of opinion on the issue as required by 28 U.S.C. §1292(b). Defendants' undisputed involvement in the nature, structure, implementation and use of the polygraph examinations strongly and persuasively undermines Defendants' claim that they were mere passive actors in the polygraph examination of Metropolitan's employees. Under these circumstances, the court finds that no substantial ground for difference of opinion exists to warrant granting the Motion. The second factor is not satisfied.

      The third factor requires that resolution of the legal issue materially advance the

ultimate termination of the litigation. 28 U.S.C. §1292(b). Even assuming a dispute exists with respect to Defendants' involvement in requiring polygraph examinations of Metropolitan's employees (in violation of §2002(1)), there is no dispute that Defendants used the polygraph examination results and disciplined the employees in violation of §§2002(2) and (3). Defendants fail to identify any legal authority that permits Defendants to use polygraph examination results and to discipline employees for failing or refusing to take the polygraph examination. Furthermore, the damages sought by Plaintiffs appear appropriate under either §§2002(1), (2), or (3). Under these circumstances, resolution of the issue raised by Defendants would only marginally, and not materially, advance the ultimate resolution of this action. The third factor is not satisfied.

Finally, the court questions the propriety of resolving, by means of a motion for interlocutory appeal, an issue that could have been raised in Defendants' motion for summary judgment but was not. By avoiding the issue on summary judgment, Defendants have sidestepped the extensive factual record demonstrating the Defendants' active involvement in requiring Plaintiffs to submit to polygraph examination and then using those results to the detriment of Plaintiffs. In the absence of extraordinary circumstances not demonstrated by Defendants, it is generally inappropriate to review legal issues entwined with factual considerations raised for the first time on a motion for interlocutory appeal. See In re Mortgage Store, Inc., 773 F,3d 990, 998 (9th Cir. 2014).

In sum, the court denies Defendants' motion for interlocutory appeal.

**IT IS SO ORDERED.**

DATED: January 26, 2015

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:    All parties